UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PROCACCIANTI COMPANIES, INC., et al., Plaintiffs, v. ZURICH AMERICAN INSURANCE COMPANY, Defendant. | : : : : : : : : : : : |

C.A. No. 20-512WES

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Invoking Fed. R. Civ. P. Rule 42(b), Defendant Zurich American Insurance Company ("Zurich") has filed a motion to bifurcate the bad faith claims of Plaintiff Procaccianti Companies, Inc., and TPG Hotels & Resorts, Inc. (collectively, "Procaccianti"), and to stay discovery related solely to such claims. ECF No. 50. Specifically, Zurich asks the Court to bifurcate Counts I and V (but Count I only to the extent it seeks a declaration regarding the implied covenant of good faith and fair dealing) "pending resolution of [Procaccianti's] Breach of Contract and Declaratory Judgment Counts relating to [insurance] coverage." Id. at 1. The motion has been referred to me for determination.

**I.    Background**

Procaccianti is an owner/operator of hotels in the United States. ECF No. 49 ¶ 8. Zurich is an insurance company that sold Procaccianti an "all risks" commercial property insurance policy ("Policy"), which included coverage for "direct physical loss of or damage caused by a **Covered Cause of Loss** to Covered Property." Id. ¶¶ 1, 10 (internal quotation marks omitted) (emphasis in original). After its business began to be adversely affected by the COVID-19 pandemic, Procaccianti submitted a claim to Zurich pursuant to the Policy asserting that COVID-

1

19 and related governmental orders caused physical losses and damage to its property that are covered under the Policy.  Id. ¶¶ 95-96, 110.  On August 17, 2020, Zurich denied coverage.  Id. ¶ 151.  On December 8, 2020, Procaccianti filed this action seeking to enforce the insurance contract and a declaration that Zurich's denial is a breach of its contractual obligations to Procaccianti; these allegations are set out in part of Count I and in Counts II-IV.  Id. ¶¶ 182-219; see also ECF No. 1.  In the remaining part of Count I and in Count V, Procaccianti asserts that Zurich breached the implied duty of good faith and fair dealing "by failing to conduct a fair and comprehensive investigation before refusing to pay Procaccianti's [insurance] claim and by improperly refusing to pay Procaccianti's [insurance] claim."  Id. ¶ 139; see id. ¶¶ 186(4), 220-31.

Zurich initially responded to Procaccianti's original complaint with a motion to dismiss arguing, *inter alia*, that the COVID-19 pandemic did not cause Procaccianti to sustain a direct "physical loss of or damage to covered property."  ECF No. 10 at 2.  The Court denied the motion, finding that the pleading adequately alleged plausible claims for relief.  Text Order of Sept. 2, 2021.  Although the Court declined "to dismiss [the claims] at this early stage," it also noted that the "resolution of the issues discussed in the papers, including whether the presence of Covid-19 constitutes 'direct physical loss of or damage' to property . . . may be appropriate on a summary judgment motion following discovery."  Id.  After the motion to dismiss was denied, Procaccianti served discovery requests broadly seeking documents and information not only related to its claim for coverage for COVID-19-related losses, but also pertaining to its bad faith claim, such as "[a]ll claims manuals, policies, and/or guidelines (including all drafts of the same) concerning Zurich's property insurance policies" and "[a]ll documents concerning claims [of

2

Zurich's other insureds] relating to SARS-CoV-2 and/or COVID-19 submitted to Zurich."  ECF No. 50 at 4 (internal quotation marks omitted).

Zurich's motion seeks two forms of relief.

First, it asks the Court to bifurcate the bad faith claims to achieve judicial economy – it contends that Procaccianti's breach of contract claims present discrete coverage issues and that the bad faith claim will become moot if the Court finds that the Policy does not provide insurance coverage for Procaccianti's losses.  ECF No. 50 at 4-9.  Zurich persuasively contends that such efficiency is not a chimera, citing the legal principle that the bad faith claim does not exist until Procaccianti first establishes a breach of contract, Glocester Country Club v. Scottsdale Indem. Co., C.A. No. 20-184 WES, 2020 WL 6945937, at *1 (D.R.I. Nov. 25, 2020), as well as the growing list of decisions[1] rejecting insureds' coverage claims for COVID-19-related losses, including a recent one applying Rhode Island law from the Rhode Island Superior Court, Josephson, LLC v. Affiliated FM Ins. Co., No. PC-2021-03708, 2022 WL 999134, at *4 (R.I. Super. Ct. Mar. 29, 2022).[2]  These decisions are supportive of the proposition that, if bifurcated, this case may well end efficiently and without undue burden on the parties and the Court by dispositive motion at the breach of contract phase.[3]  See, e.g., AFM Mattress Co., LLC v. Motorists Commercial Mut. Ins. Co., 37 F.4th 440, 443-46 (7th Cir. 2022) (affirming

---

[1] At the Court's request, Zurich filed a supplemental authority list of the post-briefing decisions at the Circuit Court level addressing COVID-19 insurance coverage disputes.  ECF No. 57.

[2] In Josephson, LLC, 2022 WL 999134, at *4 n.4 & *4-15, the Superior Court applied Rhode Island law and held that the presence of COVID-19 at the insured locations did not inflict "physical loss or damage" under the policy at issue as a matter of law.

[3] Procaccianti aggressively attacks the *ratio decidendi* of Josephson, LLC, ECF No. 53 at 11, and vigorously argues that its breach of contract claim will succeed; in support, its amended complaint alleges that "at least twenty-one courts have already concluded that COVID-19, the Pandemic and/or the Governmental Orders . . . are sufficient to trigger coverage for losses similar to Procaccianti's claimed loss and expense."  ECF No. 49 ¶ 112.  This merits-based debate is not before me.  For present purposes, what matters is whether bifurcation in this case creates a realistic opportunity for significant judicial efficiency.  Based on the facts referenced and the cases cited by the parties, I conclude that it clearly does.

3

dismissal of coverage claim because policy's plain language was properly interpreted to exclude COVID-19 coverage); Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 30, 33 (1st Cir. 2022) (affirming holding that plaintiff seeking coverage for COVID-19 losses failed to plead facts sufficient to demonstrate that it is entitled to coverage under insurance policy); SAS Int'l, Ltd. v. Gen. Star Indem. Co., 36 F.4th 23, 25 (1st Cir. 2022) (affirming holding that plaintiff seeking COVID-19 coverage was not entitled to coverage under the insurance policy).

Second, Zurich asks the Court for a limited stay of discovery. ECF No. 50 at 4-9. Based on a pre-motion agreement of the parties (as clarified during the hearing), Zurich does not seek to stay discovery of documents or information that is overlapping or that relates specifically to Procaccianti and its COVID-19 coverage claim, even though the latter material may be principally or even solely relevant to the bad faith claims. Rather, it seeks to stay only discovery of material that (1) is relevant solely to establishing bad faith; and (2) does not pertain specifically to Procaccianti's COVID-19 claims. That is, the proposed stay would defer only the burdensome and sensitive discovery related to Zurich's general business operations and to Zurich's dealings with its other insureds, all of which is voluminous and time consuming to gather, screen and produce and is intensely confidential, including trade secrets, work product, privileged material and information covered by non-disclosure arrangements with third parties. This is discovery that is overwhelmingly likely to trigger protracted discovery motion practice that will bog down the forward progress of the case.

Procaccianti vigorously opposes bifurcation or any stay of any discovery. To the extent that the Court is nevertheless inclined to order bifurcation and to stay something, Procaccianti alternatively asks that only the detailed and intrusive discovery it has requested regarding

4

Zurich's business dealings with its other insureds be stayed, while the bad faith discovery regarding Zurich's general business operations should proceed now.  ECF No. 53 at 13 n.4.

## II.     Analysis

Rule 42(b) of the Federal Rules of Civil Procedure states that the Court may "order a separate trial of one or more separate issues . . . [or] claims" for convenience, to avoid prejudice, or to expedite and economize.  Fed. R. Civ. P. 42(b).  In assessing whether bifurcation would promote judicial economy, the Court may not automatically bifurcate and stay discovery on bad faith issues; rather, it must conduct a case-by-case analysis whether bifurcation and a stay would avoid discovery disputes, eliminate duplicative discovery, and still permit the second trial to commence immediately after the first trial.  See Wolf v. Geico Ins. Co., 682 F. Supp. 2d 197, 198-99 (D.R.I. 2010).  The moving party has the burden to convince the Court that the remedy sought would promote judicial economy and prevent potential prejudice against the movant.  See Bank of R.I. v. Progressive Cas. Ins. Co., 293 F.R.D. 105, 106 (D.R.I. 2013).  However, because the "bad faith action does not exist until the plaintiff first establishes a breach of contract[,]" this Court has repeatedly acknowledged that pursuant to Rhode Island law "bad faith claims often lend themselves well to separation and stay of discovery."  Glocester Country Club, 2020 WL 6945937, at *1 (internal quotation marks omitted) (emphasis added).

Once it has determined that bifurcation is appropriate, the Court "'weighs the risk of prejudice to the defendant . . . against the possible efficiency to be gained' by not staying discovery."  Bank of R.I., 293 F.R.D. at 106 (quoting Wolf, 682 F. Supp. 2d at 201).  Zurich asks the Court to focus on the prejudice and burden to it of producing the bad-faith documents and information, including that "discovery on bad faith exposes insurers' work-product protected or privileged materials to disclosure[,]" all of which will not be necessary if Procaccianti fails to

5

prove a breach of contract.  See Wolf, 682 F. Supp. 2d at 199.  Procaccianti asks the Court to consider that simultaneous discovery prevents discovery disputes over which documents pertain to the contract claim and which relate to the bad faith claim, eliminates duplicative discovery and allows the case expeditiously to proceed to trial, if Procaccianti's breach of contract claim is not resolved by a dispositive motion and is deemed to be trial worthy.  Whether a stay should be imposed largely turns on "how much the subject matter of discovery on the bad faith and contract claims will overlap."  Id. at 200.

Zurich has provided a highly persuasive presentation supporting the proposition that bifurcation will yield substantial efficiencies and that the discovery that would be stayed in this case will be burdensome and will give rise to significant motion practice.[4]  See generally Clutch City Sports & Entm't, L.P. v. Affiliated FM Ins. Co., No. PC-2020-05137, 2021 WL 1097930, at *3 (R.I. Super. Ct. Mar. 17, 2021) ("information [that] may be discoverable for a bad-faith claim . . . is likely prejudicial and privileged and, therefore, likely not discoverable in relation to a breach of contract claim").  In addition, Zurich's proposed stay minimizes prejudice because the to-be-stayed sets encompassed by the Venn diagram for this case contain no overlap as a result of the parties' pre-motion agreement that Zurich will supply all discovery that is overlapping, including all materials that specifically relate to Procaccianti and its COVID-19 claim.  See Glocester Country Club, 2020 WL 6945937, at *2 ("[f]or reasons of judicial economy . . . the

---

[4] During the hearing on the instant motion, Procaccianti essentially conceded that the bad faith discovery Zurich seeks to stay for now will trigger time consuming discovery motions.  For example, in addition to the problems of privilege and confidentiality, Procaccianti advised that it will seek to limit any protective order applicable to this material so as to permit it to use Zurich's bad faith production in this case in other COVID-19 cases.  Zurich represented that it will oppose such a limitation.  Nor is the burden posed by such bad faith discovery motion practice ameliorated by Procaccianti's alternative suggestion that the Court should stay only some of the bad faith discovery (regarding other insureds), allowing the rest to proceed now.  If the Court adopted Procaccianti's approach, discovery regarding Zurich's general business operations would bog down the breach of contract phase and would force the Court to address these weighty issues now and potentially a second time during the second phase, as applicable to the rest of the bad faith discovery.  The Court declines to accept this proposal because it would be even less efficient.

parties may cover both sets of issues in the witnesses' depositions during the first round of discovery"). Procaccianti counters that the parties' agreement creates "a distinction [that] is bound to create problems," but fails to explain how resolving such "problems" will be more burdensome than the significant burden and time-consuming motion practice that will be deferred (and possibly entirely avoided) by imposing the limited stay that Zurich requests. ECF No. 53 at 13. Instead, it supports its argument by citing to Bank of R.I., 293 F.R.D. at 106, but fails to note that Bank of R.I. is materially different from this case in that it dealt with an insurer that did not meet its burden of persuasion that a stay is necessary, while the insured persuasively pointed out that there would be "a great deal of overlapping discovery in [the] case." Id. Here, Zurich has amply sustained its burden and Procaccianti has presented nothing that tips the balance towards the finding that staying discovery would "be an inefficient use of both the parties' and this Court's resources." Id.

Based on the foregoing, the Court finds that bifurcation of this case as Zurich requests is consistent with Fed. R. Civ. P. 42(b) in that bifurcation creates a very realistic opportunity for significant judicial efficiency, with the potential for the convenient, expedited and economic conclusion of the case by dispositive motion at the end of the breach of contract phase. Therefore, bifurcation of the bad faith claims from the breach of contract claims is appropriate. As to the stay, mindful of the parties' agreement that Zurich will produce overlapping discovery and Procaccianti-claim-specific discovery now, the Court finds that (1) the limited stay will not prejudice Procaccianti through duplicative discovery because all overlapping material will be produced in the first phase; (2) the stay will yield significant efficiency for the Court and the parties because burdensome and intrusive discovery that will lead to very substantial discovery disputes will be postponed and potentially rendered moot; and (3) the stay will not cause

unreasonable delay in that bad faith discovery, followed by a trial (if needed) on the issue of bad faith, can commence immediately after resolution of the breach of contract issue.  See Wolf, 682 F. Supp. 2d at 199.  Accordingly, "weigh[ing] the risk of prejudice to the defendant that joint discovery carries against the possible efficiency to be gained," id. at 201, the Court grants Zurich's motion to bifurcate Procaccianti's bad faith claims and to stay certain bad faith discovery.

### III.     Conclusion

The Court hereby grants Zurich's motion to bifurcate Procaccianti's bad faith claims and to stay discovery related solely to such claims.  ECF No. 50.  Pending resolution of Procaccianti's breach of contract and declaratory judgment claims relating to insurance coverage, Count I (but only to the extent it seeks a declaration regarding the implied covenant of good faith and fair dealing) and Count V are bifurcated and discovery solely related to such claims is hereby stayed, provided that discovery of documents and information related specifically to Procaccianti's COVID-19 claims is not covered by the stay, but shall proceed.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 18, 2022